**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

|  |  |  |
|---|---|---|
| Lexus Thompson-Butcher and | ) | |
| Vanaecia Moran, on behalf of themselves | ) | |
| and all others similarly situated, | ) | **No. _____** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mile Marker One, LLC and | ) | |
| Cape Ann Marina, LLC | ) | |
| | ) | |
| Defendants. | ) | |

_____

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Lexus Thompson-Butcher and Vanaecia Moran ("Plaintiffs"), individually and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against Mile Marker One, LLC and Cape Ann Marina, LLC (collectively, "Defendants" or "Mile Marker One"), and alleges as follows:

### I.     INTRODUCTION

1.     This case implicates Defendants' violations of the Fair Labor Standards Act's ("FLSA") tip credit and subsequent underpayment of their employees at the federally mandated minimum wage rate, as well as violations of the Massachusetts Minimum Fair Wages Law ("MFWL"), M.G.L. c. 151 §§ 1, 7, the Massachusetts Wage Act, G.L. c. 149, § 148, and the Massachusetts Tips Law, G.L. c. 149, §152A, resulting from Defendants' failure to pay Plaintiffs and all similarly situated workers their earned minimum wages and failure to allow Plaintiffs to

keep all of their tips. Plaintiffs bring this case as a collective action under the FLSA, 29 U.S.C. § 216(b) and as a class action pursuant to Federal Rule of Civil Procedure 23 for the Massachusetts claims.

2.    Defendants pay their tipped employees, including servers and bartenders, below the minimum wage rate by taking advantage of the tip-credit provisions of the FLSA and the MFWL. Under the tip-credit provisions, an employer may under certain circumstances, pay those tipped employees less than minimum wage by taking a "tip credit" against the employer's minimum wage obligations from the tips received from customers.

3.    However, there are strict requirements for an employer to utilize the "tip credit." *See* 29 U.S.C. § 203(m). An employer must advise an employee in advance of its use of the tip credit pursuant to the provisions of Section 3(m) of the FLSA. *See id.* (stating that the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection."). That is, the employer must inform the employee of each requirement under section 203(m), including: (1) of the amount of the cash wage that is to be paid to the tipped employee; (2) of the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool; and (4) that the tip credit shall not apply to any employee who does not receive the notice.

4.    Similarly, under the MFWL (and its implementing regulations), employers may only pay tipped employees below the minimum wage rate in Massachusetts if the employer: (1) notifies tipped employees, in writing, of the provisions of M.G.L. c 151 § 7, paragraph three; and if it utilizes a tip pool (as Defendants do) (b) distribute tips through a tip pool to any individuals

who are considered a wait staff employee, service employee, or service bartender; (c) distribute tips through a tip pool to individuals who do not have managerial responsibility; and (d) distribute tips through a tip pool in proportion to the service provided by tipped employees. *See* 454 Mass. Code Regs. 27.03(2)(b); M.G.L. c 149 § 152A. Under Massachusetts law, if an employer does not comply with these requirements, the employer cannot take advantage of the tip credit to meet its minimum wage obligations under M.G.L. c 151§ 7.

5.      It is illegal for employers to require tipped employees to give up a portion of their tips to their employer or to ineligible employees, such as management or staff who do not customarily and regularly receive tips. *See Acosta v. Osaka Japan Restaurant, Inc.*, No. CV 17-1018, 2018 WL 3397337, at *7-8 (E.D. Pa. July 12, 2018) (holding the FLSA "does not allow employers to force tipped employees to redistribute their tips to employees who do not receive tips (and who are therefore required to be paid the full minimum wage)") (citing 29 C.F.R. § 531.54; *Shahriar v. Smith & Wollensky Restaurant Grp.*, 659 F.3d 234, 240 (2d Cir. 2011); *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999); *Roussell v. Brinker Int'l, Inc.*, 441 Fed. Appx. 222, 231 (5th Cir. 2011)); *see also Portales v. MBA Inv. Co., LLC*, No. 3:13CV00001, 2014 WL 5795206, at *3 (N.D. Ohio Oct. 16, 2014) ("When an employer includes a non-customarily tipped employee or another employer in a mandatory tip pool, the tip pool is invalid under the FLSA." (citing 29 U.S.C. § 203)).

6.      An employer must pay the minimum statutory hourly rate under the FLSA or pursuant to M.G.L. c 151 § 7. *See* 29 U.S.C. § 203(m); M.G.L. c 151 § 7. The FLSA requires that employers comply with any state law that establishes a higher minimum wage than that established by the FLSA. *See* 29 U.S.C. § 218(a).

7.    Moreover, an employer cannot pay below the minimum wage to tipped employees and require those tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See* 29 C.F.R. § 531.56(e); *see also Romero v. Top-Tier Colorado LLC*, 849 F.3d 1281, 1285 (10th Cir. 2017); *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work.").

8.    Defendants violated the tip credit defense under the FLSA and Massachusetts in numerous ways, including the following:

    a.    **Violation for failure to inform:** Defendants failed to correctly inform Plaintiffs of the desire to rely on the tip credit to meet their minimum wage obligations. Defendants failed to properly inform Plaintiffs of the following: (1) the amount of the cash wage that is to be paid to the tipped employee; (2) the amount by which the wages of the tipped employee are increased on account of the tip credit; (3) that all tips received by the employee must be retained by the employee; and (4) that the tip credit shall not apply to any employee who does not receive the notice. Defendants also failed to provide Plaintiffs with written notice of the information required by 29 C.F.R. § 516.28(a)(3).

    b.    **Violation for making illegal deductions that reduced Plaintiffs' direct wage below the minimum required hourly wage for tipped employees:** Plaintiffs were required to pay for uniform items, including replacement uniform items, and other non-203(m) items, such as non-slip shoes and sever books, which reduced Plaintiffs' wages below the minimum hourly wage required for tipped employees.

    c.    **Violation for unlawful tip pool:** Plaintiffs were required to turn over a portion of their tips to Defendants for a tip pool, and Defendants cannot prove that the tip pool was used for the sole purpose of paying employees who were engaged in a customarily and regularly tipped occupation.

d. **Violation for performing non-tipped work unrelated to tipped occupation:** Plaintiffs were required to perform improper types, and excessive amounts, of non-tipped work, including during times before the restaurant was open and after the restaurant closed.

9.      As a result of these violations, Defendants lost the ability to use the tip credit and therefore must compensate Plaintiffs and all similarly situated employees the full minimum wage rate, unencumbered by the tip credit, and for all hours worked. In other words, without the tip credit, Defendants are liable for the difference between the wages they paid to Plaintiffs and all similarly situated workers and the full minimum wage rate required by the FLSA and Massachusetts law.

## II.      SUBJECT MATTER JURISDICTION AND VENUE

10.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to these claims occurred in this District, including many of the wrongs herein alleged.

## III. PARTIES AND PERSONAL JURISDICTION

12.      Lexus Thompson-Butcher is a resident of Essex County, Massachusetts and worked for Defendants at Mile Marker One in Gloucester, Massachusetts. Plaintiff's written consent to this action is attached hereto as Exhibit A.

13.      Vanaecia Moran is a resident of Essex County, Massachusetts and worked for Defendants at Mile Marker One in Gloucester, Massachusetts. Plaintiff's written consent to this action is attached hereto as Exhibit B.

14.     The FLSA Class Members are all current and former employees who worked at a Mile Marker One restaurant for at least one shift as a server or bartender during the three-year period prior to the filing of this Complaint through final resolution of this Action and were paid a subminimum hourly wage.

15.     Massachusetts Class Members are all current and former employees who worked at a Mile Marker One restaurant in Massachusetts for at least one shift as a server or bartender during the three-year period prior to the filing of this Complaint through final resolution of this Action and were paid a subminimum hourly wage.

16.     The FLSA Class Members and Massachusetts Class Members shall be collectively referred to as "Class Members" unless otherwise indicated herein.

17.     Defendant, Mile Marker One, LLC is a limited liability company that conducts business in Massachusetts.

18.     Cape Ann Marina, LLC is a limited liability company that conducts business in Massachusetts.

19.     At all times relevant to this Action, Defendants have had sufficient minimum contacts with Massachusetts to confer personal jurisdiction over Defendants. Defendants conduct business in Massachusetts, contract with and employed Massachusetts residents, had Massachusetts customers, market to residents of Massachusetts, and own property in Massachusetts. Further, the wrongs complained of in this Complaint occurred in Massachusetts.

## IV.    COVERAGE

20.     At all material times, Defendants have been an employer with respect to Plaintiffs and the Class within the meaning of the FLSA. 29 U.S.C. § 203(d).

21.    At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

22.    At all material times, Defendants have collectively, and each individually, enjoyed yearly gross revenues in excess of $500,000 (exclusive of excise tax) in each of the years covered by this lawsuit.

23.    At all material times, Plaintiffs and the Class Members were employees engaged in commerce or the production of goods for commerce.

24.    At all relevant times, Defendants have acted directly or indirectly in the interest of an employer with respect to Plaintiffs and the Class Members.

25.    At all relevant times, Plaintiffs and the Class Members were individual "employees" of Defendants (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)).

26.    At all relevant times, Defendants have collectively, or each individually, been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

27.    Finally, as part of their employment for Defendants, Plaintiffs and the Class Members handled food and other food service items that were purchased across state lines or traveled in interstate commerce, or both. Plaintiffs and the Class Members also served customers

who were traveling from out-of-state or across interstate lines. In addition, Plaintiffs the Class Members regularly and frequently processed interstate credit card transactions. Finally, Plaintiffs and the Class Members handled food and beverages that had been procured from another state or traveled across interstate lines, or both.

28.     At all material times, Plaintiffs and the Class Members have been employees of Defendants within the meaning of Massachusetts law.

**V.     FACTS**

29.      Defendants own and operate a restaurant under the name Mile Marker One in Gloucester, Massachusetts.

30.     Mile Marker One is a full-service restaurant that employs tipped workers, including servers and bartenders, to provide service to customers.

31.     Defendants employed Plaintiff and the Class Members as "tipped employees," in positions such as servers and bartenders.

32.     Servers gather orders from customers and deliver food and drinks to the customers. Defendants paid servers a subminimum hourly wage and servers receive tips from customers.

33.     Bartenders prepare and serve drinks to customers. Defendants also paid bartenders a subminimum hourly wage and they receive tips from customers.

34.     However, Defendants paid these tipped workers less than the minimum wage.

35.     Defendants attempt to utilize the tip credit to meet their minimum wage obligations to their tipped employees, including Plaintiffs and the Class Members.

36.    Plaintiff, Thompson-Butcher worked for Defendants at the Mile Marker One restaurant in Gloucester, Massachusetts as a bartender from approximately March 2023 through September 2024.

37.    During her employment, Plaintiff Thompson-Butcher was paid an hourly wage of less than minimum wage. For example, Plaintiff Thompson-Butcher was paid an hourly wage of $6.75 per hour in 2024.

38.    Plaintiff Moran worked for Defendants at the Mile Marker One restaurant in Gloucester, Massachusetts as a server from approximately April 2024 through August 2024.

39.    During her employment, Plaintiff Moran was paid an hourly wage of less than minimum wage. For example, Plaintiff Moran was paid an hourly wage of $6.75 per hour in 2024.

40.    The tip credit has a harmful effect on workers that threatens the health of the economy. Adasina Social Capital, a company representing investors with more than $538 billion in assets, issued a letter to large corporations operating restaurants advising of the ills of using the tip credit. The letter states as follows:

> Tipped workers are the largest group paid a subminimum wage and represent approximately six million people in the United States. The restaurant industry by far employs the largest number of tipped workers, representing 13.6 million people.
>
> **Frozen at $2.13 per hour, a tipped subminimum wage worker can be paid as little as $4,430 per year for full-time work.** As a result, in the 42 states that allow payment of a subminimum wage, tipped workers are more than twice as likely to live in poverty, and the rates are even higher for women and people of color. The subminimum wage for tipped workers has risen little since it was enacted following the emancipation of slavery, a time when employer trade associations pushing to recoup the costs of free, exploited labor.[1]

---

[1]    *See* https://adasina.com/investor-statement-in-support-of-ending-the-subminimum-wage/.

41.    Given the harmful effects of the tip credit, there are strict requirements that must be met by an employer who seeks to utilize the tip credit to meet its minimum wage obligations.

42.    Defendants did not satisfy the strict requirements to use the tip credit. Here, Defendants maintained a policy and practice where they failed to properly provide Plaintiffs and the Class Members with the statutorily required notice regarding (1) the amount of the cash wage that is to be paid to the tipped employee, (2) the amount by which the wages of the tipped employee are increased on account of the tip credit, (3) that all tips received by the employee must be retained by the employee, (4) that they could not be paid lower than the minimum statutory amount per hour ($2.13 per hour under the FLSA), and (5) that the tip credit shall not apply to any employee who does not receive the notice.

43.    Defendants also failed to provide Plaintiffs and the Class Members with <u>written notice</u> of the information required by 29 C.F.R. § 516.28(a)(3).

44.    Specifically, Defendants failed to provide Plaintiffs and Class Members with <u>written</u> notice of "[t]he amount per hour which [Defendants took] as a tip credit" was not "reported to [Plaintiff and the Collective Members] in writing each time it [was] changed from the amount per hour taken in the preceding week." *See* 29 C.F.R. § 516.28(a)(3).

45.    Defendants also did not allow Plaintiffs and Class Members to retain all tips as required by Section 203(m).

46.    For example, Plaintiffs and Class Members were required to turnover a portion of their tips to Defendants for a tip pool each shift.

47.    Defendants violated the tip credit by unlawfully "exercising control over a portion of the tips." *Davis v. B & S, Inc*., 38 F. Supp. 2d 707, 714 (N.D. Ind. 1998). Specifically, Defendants

unilaterally determined how to allocate tips from the tip pool—there was no agreement among the employees regarding the allocation of their tips from the tip pool.

48.     Because Defendants unilaterally decided, without input or agreement from Plaintiffs and Class Members, the distribution or allocation of tips from the tip pool, Defendants did not comply with the FLSA and thus cannot claim a tip credit.

49.     Defendants also illegally chose to utilize Plaintiffs' and Class Members' tips contributed to the tip pool to reduce payroll and pad their bottom line.

50.     Defendants cannot show that it only distributed tips from the tip pool to pay employees who were engaged in a customarily and regularly tipped occupation.

51.     Because Defendants cannot carry its burden to prove that it distributed all tips from its tip pool solely among customarily and regularly tipped employees, Defendants cannot utilize the tip credit to pay Plaintiffs and the Class Members.

52.     Defendants also maintained a policy and practice where tipped employees were required to perform non-tip producing side work unrelated to the employees' tipped occupation. As a result, Plaintiffs and Class Members were engaged in dual occupations while being compensated at the tip credit subminimum wage rate.

53.     Defendants required Plaintiffs and Class Members to perform non-tip producing work before the restaurant opened to the public and after the restaurant closed to the public. Indeed, Defendants required Plaintiffs and Class Members to arrive prior to the restaurant opening for business when there were no customers and no opportunity to earn tips, to perform manual labor cleaning and set up duties. Likewise, Defendants required Plaintiffs and Class

Members to remain at the restaurant after it closed to the public and when there was no opportunity to earn tips, to perform manual labor cleaning duties.

54.    Plaintiffs and Class Members were required to arrive at least 1 hour before the restaurant opened to perform non-tipped unrelated cleaning and set up duties. They spent at least an 1 hour to 1.5 hours performing work before the restaurant was open and the same time after the restaurant closed performing non-tip producing work.

55.    However, Defendants did not pay their tipped employees the full minimum wage rate for this work. The duties that Defendants required Plaintiffs and Class Members to perform were duties that are customarily assigned to "back-of-the-house" employees in other establishments, who typically receive at least the full minimum wage rate.

56.    When the tipped employees performed these non-tipped duties, they usually did not interact with customers and did not have an opportunity to earn tips.

57.    Defendants did not have a policy prohibiting tipped employees from performing certain types, or excessive amounts, of non-tipped work.

58.    Defendants did not track or record all the time tipped employees spent performing non-tipped work at the appropriate minimum wage rate, despite having the capability to do so.

59.    Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments, but Defendants failed to track all the specific tasks for Plaintiffs and Class Members.

60.    Defendants use a point-of-sale ("POS") system to record hours worked by its tipped employees.

61.     In the POS system, Defendants can create different "clock in" codes that would allow tipped employees to record their time at the full minimum wage when performing non-tipped work.

62.     Defendants did not allow their tipped employees to clock-in at the full minimum wage rate when performing the non-tipped work described in this Complaint.

63.     Defendants violated the FLSA and Massachusetts law by not paying the minimum "tipped" hourly rate and otherwise retaining a portion of the tips earned by Plaintiffs and Class Members. Defendants required Plaintiffs and Class Members (i.e. tipped employees) to pay for walked tabs and drawer shortages, uniforms and other non-203(m) items, including server books and uniforms, such as pants, shirts, and bow ties.

64.     In other words, by requiring Plaintiffs and Class Members to pay for these work-related expenses, Plaintiffs and Class Members had to use their tips and/or use their subminimum hourly wages to pay for non-203(m) items, replacement uniform pieces, such as bow ties, pants, and shirts; and the amount of any cash drawer shortage or walked tabs they were required to pay.

65.      Because Defendants violated the tip credit requirements, Defendants lost the right to take a credit toward their minimum wage obligation to Plaintiffs and Class Members.

66.     Defendants knew or should have known that their policies or practices violate the law, and Defendants have not made a good faith effort to comply with the FLSA or Massachusetts law. Rather, Defendants acted knowingly, willfully, and/or with reckless disregard of the law. Defendants carried and continue to carry out the illegal pattern and practice regarding its tipped employees as described in the Complaint.

67.     Given that Defendants failed to comply with the requirements to take the tip credit, Defendants has lost the ability to claim the tip credit and owe Plaintiffs and Class Members pay at the full minimum wage rate per hour for all hours they worked for Defendants.

## VI.    FLSA § 216(b) COLLECTIVE ACTION ALLEGATIONS

68.     Plaintiffs bring this Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of all persons who were or are employed by Defendants as a tipped worker for at least one week during the three-year period prior to the filing of this Complaint through final resolution of this Action.

69.     Plaintiffs have actual knowledge, through personal observation and conversations with co-workers, that a collective of similarly situated workers exists who have been subjected to the same policies of Defendants with respect to the payment of the minimum wage.

70.     The FLSA Class Members are similarly situated to Plaintiffs in that they share the same duties and were subject to the same violations of the FLSA.

71.     Like Plaintiffs, the FLSA Class Members were not given proper notice of the tip credit provisions, contributed tips to an unlawful tip pool, and performed work that was unrelated to their tipped occupations.

72.     Moreover, the FLSA Class Members were also subjected to unlawful deductions from their tips or their subminimum hourly wages.

73.     Plaintiffs and Class Members all labored under the same corporate structure, the same corporate policies, the same corporate chain of command, and pursuant to the rules in the same company handbook.

74.     The names and addresses of the Class Members are available from Defendants'

records. To the extent required by law, notice will be provided to these individuals by first class

mail, email, text message, by posting a notice in common work/rest areas, or by the use of

techniques and a form of notice similar to those customarily used in representative actions.

75.     Although the exact amount of damages may vary among the FLSA Class Members

in proportion to the number of hours they worked, damages for each individual can be easily

calculated using a simple formula.

76.     As such, the class of similarly situated FLSA Class Members is defined as:

> **All current and former employees who worked at least one shift for Defendants as a server or bartender during the three-year period prior to the filing of this Complaint through final resolution of this Action and were paid a subminimum hourly wage.**

### VII.    RULE 23 CLASS ACTION ALLEGATIONS

77.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil

Procedure 23 on behalf of the Massachusetts Class Members, which is comprised of:

> **All current and former employees who worked for Defendants at a Mile Marker One restaurant for at least one shift in Massachusetts as a server or bartender during the three-year period prior to the filing of this Complaint through final resolution of this Action and were paid a subminimum hourly wage.**

78.     *Numerosity*. The number of members in the Massachusetts Class is believed to

exceed forty. This volume makes bringing the claims of each individual member of the

Massachusetts Class before this Court impracticable. Likewise, joining each individual member of

the Massachusetts Class as a plaintiff in this Action is impracticable. Furthermore, the identity of

the members of the Massachusetts Class will be determined from Defendants' records, as will

the compensation paid to each of them. As such, a class action is a reasonable and practical

means of resolving these claims. To require individual actions would prejudice the Massachusetts Class and Defendants.

79.    *Typicality*. Plaintiffs' claims are typical of the Massachusetts Class because, like the members of the Massachusetts Class, Plaintiffs were subject to Defendants' uniform policies and practices and were compensated in the same manner as others in the Massachusetts Class. Plaintiffs and the Massachusetts Class have been uncompensated and/or under-compensated as a result of Defendants' common policies and practices, which failed to comply with Massachusetts law. As such, Plaintiffs' claims are typical of the claims of the Massachusetts Class. Plaintiffs and all members of the Massachusetts class sustained damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

80.    *Adequacy*. Plaintiffs are a representative party who will fairly and adequately protect the interests of the Massachusetts Class because it is in his interest to effectively prosecute the claims alleged in order to obtain the unpaid wages and penalties required under Massachusetts law. Plaintiffs retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiffs do not have any interest which may be contrary to or in conflict with the claims of the Massachusetts Class she seeks to represent.

81.    *Commonality*. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

      a.     Defendants failed to properly inform Plaintiffs and Massachusetts Class Members of the intent to claim the tip credit;

      b.     Whether Defendants distributed the tips it collected for its tip pool to pay employees who were not engaged in a customarily and regularly tipped occupation;

      c.     more than 20% of the work performed by Plaintiffs and Massachusetts Class Members was non-tip generated work;

d.   Whether Plaintiffs and Massachusetts Class Members performed non-tip producing side work for significant periods of time during their shifts and/or before or after the restaurant was open for business; and

e.   Plaintiffs and Massachusetts Class Members were subject to unlawful deductions.

82.   The common issues of law include, but are limited to:

a.   Whether Defendants can claim the "tip credit"

b.   Whether Defendants violated the MFWL;

c.   Whether Plaintiffs and Massachusetts Class Members are entitled to compensatory damages;

d.   The proper measure of damages sustained by Plaintiffs and Massachusetts Class Members; and

83.   *Superiority*. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the Massachusetts Class could afford to pursue individual litigation against a company the size of Defendants, doing so would unduly burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the Massachusetts Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

84.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of claims, financial economy for the parties, and comprehensive supervision by a single court. By maintaining this litigation in one forum, judicial economy and parity among the individual claims of Massachusetts Class Members are promoted. Additionally, class treatment will provide judicial consistency. Notice of the pendency and any resolution of this action can be provided to the Massachusetts Class by mail, electronic mail, text

message, print, broadcast, internet and/or multimedia publication. The identities of members of the Massachusetts Class are readily identifiable from Defendants' records.

85.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; and (2) the burden is on Defendants to prove they properly compensated their employees including that they properly complied with Massachusetts's tip credit requirements and/or any other exemptions that might apply. Ultimately, a class action is a superior form to resolve the Massachusetts claims because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and Massachusetts Class members per applicable Massachusetts laws.

## VIII.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

86.    Pursuant to G.L. c. 149, § 150, Plaintiff has filed notice of her statutory claims with the Massachusetts Office of the Attorney General.

## IX. CAUSES OF ACTION

### COUNT I
### Violations of the FLSA - Failure to Pay Minimum Wage
### On Behalf of Plaintiffs and FLSA Class Members

87.    Plaintiffs incorporate the preceding paragraphs by reference.

88.    This count arises from Defendants' violation of the FLSA in connection with their failure to pay the minimum wage. *See* 29 U.S.C. § 206.

89.    Plaintiffs and FLSA Class Members were paid hourly rates less than the minimum wage while working for Defendants.

90.    Plaintiffs and FLSA Class Members were not exempt from the minimum wage requirements of the FLSA.

91.    Defendants' failure to comply with the minimum wage requirements of FLSA, and the tip credit requirements, resulted in Plaintiffs and FLSA Class Members being paid less than the Federal minimum wage rate.

92.    Defendants also failed to permit Plaintiffs and FLSA Class Members to retain all of their tips in violation of 29 U.S.C. § 203(m).

93.    Defendants' failure to permit Plaintiffs and FLSA Class Members to retain all of their tips and failure to pay them the minimum wage in violation of the FLSA, was willful and not based on a good faith belief that its conduct did not violate the FLSA. 29 U.S.C. § 255(a).

## COUNT II
### Violations of the MFWL - Failure to Pay Minimum Wage On behalf of Plaintiffs and Massachusetts Class Members

94.    Plaintiffs incorporate the preceding paragraphs by reference.

95.    Defendants violated the MFWL and its implementing regulations, including 455 CMR 27.03(2) by failing to pay Plaintiffs and Massachusetts Class Members the Massachusetts minimum wage for all hours worked in a workweek.

96.    Specifically, Defendants paid Plaintiffs and Massachusetts Class Members less than the state minimum wage rate without complying with the "tip credit" rules required for an employer to pay less than the state minimum wage.

97.    In addition to the facts pled in this Complaint, Defendants failed to comply with the notification requirements set forth within the express language of the MFWL and supporting regulations. M.G.L. c 151 § 7. As a result of the violations pled in this Complaint, Defendants are not entitled to claim a tip credit.

98.     Accordingly, Defendants willfully violated state law by failing and refusing to pay the Massachusetts minimum wage to Plaintiffs and Massachusetts Class Members.

99.     Defendants willfully failed to comply with the requirements under Massachusetts law and therefore, Plaintiffs and Massachusetts Class Members were not properly paid state minimum wages pursuant to the MFWL.

100.     Plaintiffs and Massachusetts Class Members are therefore owed compensatory damages for unpaid minimum wages, treble damages, pre-judgment and post-judgment interest as provided by law, an award of attorneys' fees and costs, and such other relief as the Court deems fair and equitable.

**COUNT III**
**Violation of Massachusetts Tip Law**
**On behalf of Plaintiffs and Massachusetts Class Members**

101.     Plaintiffs incorporate the preceding paragraphs by reference.

102.     Defendants violated the Massachusetts Tips Law, G.L. c. 149, § 152A, by requiring or permitting Plaintiffs and Massachusetts Class Members to pay over a portion of tips to non-service employees at Mile Marker One.  This claim is brought pursuant to G.L. c. 149, §150.

103.     Plaintiffs and Massachusetts Class Members are therefore owed compensatory damages for unlawfully retained tips, treble damages, pre-judgment and post-judgment interest as provided by law, an award of attorneys' fees and costs, and such other relief as the Court deems fair and equitable.

**JURY DEMAND**

Plaintiffs request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter a Judgment against Defendants, jointly and severally, awarding the following relief:

a. Conditional certification of the FLSA Class and distribution of Notice pursuant to 29 U.S.C. § 216(b);

b. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150;

c. Full compensatory relief, including but not limited to, payment of full minimum wage as well as restitution of all gratuities due to the Plaintiffs and other class members that they have not received;

d. Statutory and liquidated damages;

e. Attorneys' fees and costs

f. Prejudgment interest and post judgment interest; and,

g. Any other relief to which Plaintiffs and the class may be entitled.

\*      \*      \*

Respectfully submitted,


By: _/s/ Matthew Thomson_____
        Harold L. Lichten, (Mass. BBO# 549689)
        hlichten@llrlaw.com
        Matthew Thomson, (Mass. BBO# 682745)
        mthomson@llrlaw.com

        **LICHTEN & LISS-RIORDAN, P.C.**

729 Boylston St., Suite 2000
Boston, MA 02116
Phone: (617) 994-5800

-and-

Drew N. Herrmann
*Pro hac vice forthcoming*
drew@herrmannlaw.com
Pamela G. Herrmann
*Pro hac vice forthcoming*
pamela@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229

ATTORNEYS FOR PLAINTIFFS,
FLSA CLASS MEMBERS,
AND MASSACHUSETTS CLASS MEMBERS